Good morning, Your Honors. My name is Freddy Funes from Gelber, Schachter, and Greenberg, and I represent the petitioner in this case, Lannie Gordon. And Mr. Gordon is appealing a decision by the Board of Immigration Appeals that he committed the aggravated felony of illicit trafficking and therefore must be removed and cannot seek cancellation of removal for two reasons, and I think they're both independent reasons, I think the petition should be granted. First, the BIA and its decision misapplied the modified categorical approach. And second of all, even under the Chevron framework, the Board of Immigration Appeals definition of illicit trafficking is incorrect. And as to the modified categorical approach, just as some background, Mr. Gordon was charged and convicted of violating Florida statute section 893.13.1a in a case called Spaho v. United States Attorney General. This court has held that that statute essentially has several alternative crimes, some of which have an element that requires consideration, the exchange of consideration, and some of which do not. Why that is important is that by the BIA's own interpretation of the term illicit trafficking in the Immigration and Nationality Act, consideration is an element for illicit trafficking. And so that means under the Florida statute, some of these crimes are illicit trafficking under the INA and some are not. And under the Spaho opinion, the 11th Circuit said that the BIA can apply the modified categorical approach, can look at certain documents to see which crimes specifically under that statute a criminal defendant was convicted of. And the BIA, which is right, did that, applied the modified categorical approach and looked solely at Mr. Gordon's information. The problem is that the information is ambiguous. Essentially, in counts 1 and count 3, the state prosecutor pleaded that or charged Mr. Gordon of the sale or delivery of controlled substance. You added the words for consideration. Yeah, and added the words for consideration. That's not part of the crime. Right, exactly. So it's part of the sale, but it's not part of the delivery. And the Supreme Court has been clear. Well, the statute doesn't even have for consideration in it at all. Right. The Florida... If you have a purchase or sale, it's obviously for consideration. Exactly. And this court in Spaho said that sale just implicitly does include consideration, but there's a Florida 3rd DCA opinion, State v. Menno, and there the Florida 3rd District Court of Appeals said the delivery is different. It does not require consideration. It's sort of a broader crime. You can deliver a controlled substance under Florida Statute Section 893.13.1a without getting a consideration. And so the information by its own sort of facial language shows that he was, that Mr. Gordon was charged and convicted of either the sale or delivery. And the Supreme Court in cases like Moncrieff and Meluli v. Lynch has said that when you apply the categorical approach and there's sort of this ambiguity about which crime or the alternative crime somebody is convicted of, you should presume that it's the least time the categorical approach, if the BIA did it properly, it should have concluded that he was convicted of delivery. They didn't do that. Instead, what they did is like, well, it also mentions monetary consideration, so it's not really delivery, it's a sale. And respectfully, we think that's a misapplication of the modified categorical approach, which requires the granting of the petition. Well, so what would the remedy be then? To vacate and remand to the Board of Immigration Appeals because it could decide that Mr. Gordon had previously been convicted of two crimes involving moral turpitude, and that could be a basis for discretionary, denying him discretionary relief, right? I agree with that, Your Honor, but the government in a response brief didn't ask for any remand. It didn't say, we want to review this again. It just sort of said, no, we applied the modified categorical approach correctly, which I submit is not true. And the second argument that I'm making here. So what is the answer? In other words, if it's reversed, then what happens? If it's reversed, then the basis of the removal and the refusal to cancel removal was purely on this conviction, and so if it's reversed, Mr. Gordon indicated removal has to be set aside. Right. I agree. Exactly. And so the second argument I'm trying to raise is, essentially, the BIA's interpretation of the term illicit trafficking, which appears in the Immigration Nationality Act, but is never actually defined in that statute. The Board of Immigration Appeals, in a case called NRELGH, has essentially defined illicit trafficking in a way that the way 48 of 50 states define it, and the way it defines it is the way the Florida statute defines it. Florida statute for illicit trafficking, 893.13, is a little quirky. In 48 states, the generic crime of illicit trafficking has a mens rea element. Essentially, somebody who commits illicit trafficking has to know that the substance they have is illicit. Essentially, you need to know you're a drug dealer. I'm dealing drugs that are illegal. Florida, in 2011, through the legislature, changed that and actually stripped that mens rea element from the crime in 893.13. If you conspired, that would be mens rea. If they conspired to trafficking, you'd have a different picture. I'm not saying that occurred here. Yeah, I think that's correct, Your Honor. But yeah, that's not here. That's an example of the mens rea. Right, exactly. And so what the BIA did, though, instead of following the rule that the 48 states has, is it followed the Florida rule. And it said, well, we don't believe that knowledge of the illicit nature of the substance is actually an element to the generic definition of illicit trafficking. Why shouldn't we give Chevron deference to the agency's definition of illicit trafficking? So the issue is that the Supreme Court has, in certain cases, and the 11th Circuit, in a case called Ramos, has also said that the Supreme Court says when you have a generic crime like illicit trafficking in the INA, the way to discover the definition of that term is to actually look at what states codify that crime as. And so there's two cases, one that I cited from the 10th Circuit called Ibarra v. Holder and one from the 9th Circuit, Garcia-Santana, United States v. Garcia-Santana, in which those courts have said, look, if the BIA is not adopting this methodology and then comes to a conclusion that is the complete opposite of what the methodology the Supreme Court says should lead you to the answer, it doesn't matter. The BIA essentially loses at step one of Chevron because it's just not using the methodology that leads to congressional intent. But in any event, by issuing a definition that is contrary to this methodology, it's really an unreasonable interpretation that even under Chevron deference fails. And so both Ibarra in the 10th Circuit and in the 9th Circuit Garcia-Santana, the circuit courts have essentially said, look, the BIA's interpretation doesn't follow generic crime, which the Supreme Court said this is the way to do it. And in Moncrieff, I believe the Supreme Court specifically noted that illicit trafficking in the INA is a generic crime. And so the BIA's attempt to ignore the majority state's view, we believe is fatal to their interpretation. And finally, I just want to talk a little bit about the response that the government filed.  Spaho v. U.S. Attorney General, and the government seems to believe that that opinion bars the argument we're making here, but it doesn't. And Spaho was a pretty straightforward case. The information just charged the person with sale of a controlled substance. And so under the BIA's interpretation, there's consideration, it's illicit trafficking. What's more, the Chevron issue never came up. In fact, Spaho, I think in a footnote three, the court specifically said, you know, the interpretation of illicit traffic given by the BIA, and we expressed no opinion on it. Here we squarely raise the issue, and the response brief, the government didn't really talk about Chevron, didn't really counter arguments, didn't say one bit about why its interpretation of illicit trafficking is correct. And so I would respectfully say that any arguments on that point have essentially been weighed by the government. And unless there are any further questions.  Thank you, Your Honor. Thank you. Mr. Leo. Good morning, Your Honors, and may it please the court. Attorney Sabatino F. Leo on behalf of the United States Attorney General. The Board of Immigration Appeals here properly applied the modified categorical approach in determining that the crime that Petitioner was convicted of under 893.131A is indeed an aggravated felony as set forth under INA 101A-43B. And based upon this court's decision in Spaho, I believe that it is unequivocal that Spaho resolves this particular issue before this court at this particular time. With regard to the application of the modified categorical approach conducted by the Board in this particular circumstance, the Board, as it is able to do, went ahead and looked because 893.131A is a divisible statute. What the Board went ahead and did is looked at the criminal information as well as the other documents that it's allowed to review under this court's decision in Fajardo and Taylor-Shepard and its progeny. And in making that determination, it was able to determine that this particular crime that Petitioner was convicted of was in fact a crime related to illicit trafficking, specifically the sale for monetary consideration and a violation under 893.131A. I would also invite this court's attention to the plea form, which is on Administrative Record page 159, which is also signed by the defendant in that particular case, as well as the judge and the prosecutor and defense counsel, which states specifically that counts one in three were for sale of cannabis. There's no question with regard to that at all. Taking into account the documents that the Board can rely on in this particular case, specific . . . Doesn't Mathis say that using the modified categorical approach, you can look at the guilty plea and you can look at the information just to determine what the elements are and nothing else? Yes, Your Honor. What Mathis does say is once you're able to make that determination, however, of whether or not you conduct a modified categorical approach, what the court needs to do and what the Board of Immigration Appeals needs to do, and as they did in this particular case, was look to make a determination of what elements or what particular crime under what is clearly a divisible statute that individual was convicted of. If you look at this particular situation, when you look at the plea information as well as the plea form, the plea form says unequivocally under counts one and three, the sale of cannabis, and that worked in conjunction with the criminal information, which says . . . Well, they changed the information then. Well . . . I mean, what you're telling me is that was different from the information. Well, the . . . It said or sale or delivery. Yes, Your Honor. Quite unequivocally, the information says sale or delivery for monetary consideration. With regard to the plea, when he actually withdrew his not guilty plea and subsequently entered a plea of guilty, that document says unequivocally on page 159 of the administrative record that counts one and three are for the sale of cannabis. Now, taking into account that plea form, which the Board can review under the modified categorical approach under Mathis as well as under Taylor, Shepard, and Fajardo case in this particular circuit, that it clearly falls within the parameters of 893.131A is inherently a commercial transaction, and as a result is illicit trafficking for purposes of the INA 101A43B. So when taking into account that the Board is . . . what the Board is able to do with regard to application of the modified categorical approach, which I feel here is not in dispute, that this is a divisible statute. And as a result, being . . . That's why we're here. Yeah, of course, right? Because it's a divisible statute, and you're able to go beneath and to look at the criminal information in the charge sheet and the plea form, taking that into account, this particular case falls clearly within the parameters of United States v. Spajo with regard to that this is a sale for commercial . . . as a commercial transaction for monetary consideration. Specifically, I'd like to go a little bit further with regard to this entire mens rea element that Petitioner has been bringing up with regard to this particular offense. I know Petitioner cites to 48 separate jurisdictions, which specifically discuss whether or not mens rea requirement is required for illicit trafficking. But I would invite this Court's attention that even as admitted by Petitioner in this particular case, in 2011, the Florida Legislature, took out the mens rea requirement for purposes of 893.13a. And with regard to that and tying that into illicit trafficking, there's nothing to indicate that illicit trafficking requires that mens rea element. In fact, when looking at this Court's decision, United States v. Spajo, it effectively looked at Lopez v. Gonzalez, which is a United States Supreme Court case, as well as the Petitioner's, as well as cited by a respondent in their brief to this Court, which talked about the definition of illicit trafficking. And there was no discussion whatsoever with regard to the requirement for a mens rea element. So this whole idea that we need to now insert a mens rea element into illicit trafficking for purposes of the INA, I think is simply a red herring in this particular case because there's simply nothing to suggest that illicit trafficking under 101.843b, the generic definition of the crime, requires a mens rea element. Now, it's important to realize that even this Court in Donoha talked about drug trafficking, and that drug trafficking did in fact require a mens rea element. But this Court chose not to discuss a mens rea element whatsoever with regard to its definition and its interpretation of illicit trafficking in the Spajo v. Attorney General decision. So again, this whole idea that we now need to act at the behest of the Florida legislature or with regard to the interpretation of illicit trafficking and kind of turn on its head decisions of this particular Court and now insert a mens rea requirement for this particular offense, I simply think is incorrect and something that simply is not supported by anything other than the fact that there are a number of other jurisdictions, as there are, that differentiate between illicit trafficking and the like. For this particular case here, there's simply nothing to support Petitioner's argument with regard to that interpretation with regard to the mens rea element. If the Court were to reverse the decision of the BIA, are you seeking a remand or is that the end of the case? Well, in this particular – this Court obviously has de novo review. Now, if this Court sought remand – if this Court chose to remand this case, we would rather see a remand than a completely – even if there's a BIA, there are other concerns with regard to crimes involving moral torpitude or potentially other charges of removability under the INA with regard to its particular offenses. So the case would go back to the Board of Immigration Appeals, subsequently be reopened, and then the agency is at its discretion at that particular time whether to issue another notice to appeal with regard to any of a number of removal factors as well as simply denying cancellation of removal as a matter of discretion which is within the power of the executive agency. So this Court could conceivably send it back and the agency would go ahead and deny cancellation of removal as a matter of discretion. Subsequently, arguably, this Court would not have jurisdiction over the determination of the agency in that particular scenario. Just out of curiosity, the arrest took place 28 years ago. He's been living here for 30 years and he's here since he was 19 years old? Well, those facts as far as his residing here and the number of years he's been here is correct. The conviction actually did not occur until October of 2014. So he was subsequently noticed to appear. Subsequently, a notice to appear was filed after that fact. He was a lawful permanent resident in 1985, but the conviction of itself was in 2014. So as a result of that conviction, as a lawful permanent resident, he's subject to removability. He has the opportunity to, quote, unquote, cancel that removal under the INA absent there being a barrier to that cancellation. But the crimes took place 28 years ago? That's . . . Or am I reading the briefs incorrectly? I understood. No, I'm looking at the charge sheet right now, Your Honor, and it says May 19, 2014 in Charlotte County, Florida, and that was relating to the aggravated assault offense. I want to make sure that I'm telling you the right . . . Yeah, May 15, 2014 in Lee County, Florida, was when the date of the offense occurred. So I admit that the facts that him residing here . . . But the offense that we're dealing with here is 2014? 2014, yes, Your Honor, Lee County, Florida. So your facts are correct with regard to the number of years he's been here, he's resided here, those specific facts. But as far as the actual facts related to the conviction, it was a 2014 set of events that sort of kind of mushroomed, and that's why we are here today, because that's what caused this notice to appear to be filed in immigration court with regard to a lawful permanent resident. So in short, Your Honors, it is clear from the record that this court's decision in Spajo v. Attorney General controls this particular case because petitioner's conviction specifically under 893.131A is for sale for monetary consideration, for sale under 893.131A, and it is a commercial transaction. And as a result, it's illicit trafficking for purposes of 101A.43B. The fact that it is illicit trafficking renders it an aggravated felony, and as a result, this particular individual is removable. As a result, I would request of this honorable court that the petition for review be denied. Thank you, Your Honors. Thank you, Your Honors. Two points. First, the government saying, well, if you look at the plea agreement or, you know, he signed or somebody wrote and it's handwritten, sell. We're here reviewing a decision by the Board of Immigration Appeals. The Board of Immigration Appeals decision does not mention this plea. It solely and wholly rested its opinion and decision on the information, which sells, sale, or delivery. And he's saying, and the government's now saying, well, maybe you should remand it. Again, in the response, they did not request a remand. They did not mention the plea. Had they mentioned it in the reply brief, we would have come back with the argument that, you know, the government must show by unequivocal, clear, and convincing evidence that he was convicted of that crime and that maybe it's not clear, convincing, and unequivocal in this situation. The second issue by the Florida statute and mens rea. This is, I think, the logic is pretty straightforward. Illicit trafficking is a generic crime. When there's a generic crime, the Supreme Court has said you must look at the modern codification of that crime in the states and see what the majority of the states do. In this situation, 48 out of 50. It's not even close. Say you need mens rea of the knowledge of the elicitation of the substance. And the reason for this is that aggravated felonies are supposed to be serious things. You don't want somebody being not only removed, but not even having the right to seek cancellation removal for something that is essentially negligence or they did something without knowing that it was actually some sort of aggravated felony, some sort of serious crime. And so that is why 48 states say you need to have knowledge that the substance is illicit. And that makes sense. That is an aggravated felony. That's a drug dealer. And everybody with common sense would be like that sort of person does not belong in this country. It's another thing to say somebody who might have delivered some sort of substance without knowing that the substance was illegal is some sort of nefarious criminal. And for those reasons, Your Honors, we believe that the petition should be granted. Mr. Finta, you were court appointed and we appreciate your having taken the matter. It's my pleasure, Your Honors.